**In the Matter of L.T.F.**

**No. 04–82–00329–CV.**

Court of Appeals of Texas, San Antonio.

June 29, 1983.

E.S. Prashner, San Antonio, for appellant.

Bill White, Dist. Atty., Julie Pollock, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This appeal is from a judgment revoking the appellant's juvenile probation, making a final finding that he engaged in delinquent conduct, and committing him to the Texas Youth Council.

Appellant's sole point of error maintains that the trial court failed to furnish appellant's counsel with a prior opportunity to read and review the psychiatric evaluation which the court considered during the disposition hearing.

A hearing was held on the State's Motion to Modify Disposition. The appellant pleaded true to the pertinent allegations, and proof was supplied by written stipulations. Appellant and his counsel waived the ten (10) days allowed to prepare for a disposition hearing, and the court proceeded to disposition. Lewis, the probation officer, then tendered to the court his Supplemental Case History and "History," "Mental Status," and "Discharge Summary" prepared by Dr. George Mernin, a psychiatrist.

MR. LEWIS: There's a summary which is contained therein. I think there is a psychiatric report also.

MR. PRASHNER: For the record, your Honor, I've been furnished an opportunity to examine the first documents that you are looking at. I've not been or have not been afforded the opportunity to examine the other things that the court has viewed.

THE COURT: You have got that report to look at?

MR. PRASHNER: The only thing is I've been afforded the case history.

THE COURT: That's the one.

MR. PRASHNER: I had looked at it briefly before trial and examined it again now. When the court is ready, I'd like to respond to at least part of it.

Appellant now contends for the first time that the above colloquy amounted to a violation of Tex.Fam.Code Ann. § 54.04(b) (Vernon 1974).

At the disposition hearing, the juvenile court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. Prior to the disposition hearing, the court *shall provide* the attorney for the child *with access* to all written matter to be considered by the court in disposition. [Emphasis ours.]

This provision was designed to allow a juvenile's counsel to examine the documents which the court will use in deciding the appropriate disposition. It was not designed to require the court to notify counsel that it intended to consider material of which counsel was already aware. *In the Matter of A.N.M.,* 542 S.W.2d 916, 921 (Tex. Civ.App.—Dallas 1976, no writ). The case history, which counsel had already examined, made reference to "Dr. Mernin's evaluation." Consequently, counsel had notice of the Doctor's report.

We do not read the statute as requiring the court to force counsel to examine a particular document. To "provide access" to records is to have the records available for an attorney's review. Counsel had notice of the material being considered by the court and could have examined them upon request. His statement that he had previously only examined part of it did not amount to a denial of access to the other material nor did it require any further af-

firmative action by the trial judge. Because appellant waived the ten (10) day preparation period, the court proceeded from the adjudication hearing directly to the disposition hearing. This would not have afforded an opportunity for all the papers to be examined prior to the disposition hearing.

The judgment is affirmed.